UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-667-KK-DTBx** | Date: | June 5, 2025 |
| Title: | *Diana Pauline Avila v. National Distribution Center, LLC et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkts. 14, 15]

# I.
# INTRODUCTION

On December 30, 2024, plaintiff Diana Pauline Avila ("Plaintiff") commenced this action by filing a Complaint in Riverside County Superior Court against defendants National Distribution Centers, LLC, NFI Interactive Logistics, LLC, and NFI Management Services, LLC (collectively, "Defendants"), alleging various state claims arising out of Plaintiff's employment with Defendants. Dkt. 1-1, Complaint ("Compl."). On March 13, 2025, Defendants filed a Notice of Removal ("Notice"), asserting diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1. On April 1, 2025, Plaintiff filed the instant Motion to Remand ("Motion").[1] Dkt. 14, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**.

///

///

///

---

[1] On April 1, 2025, Plaintiff filed a proposed order related to her Motion but apparently selected the event entry for "Motion to Remand". Dkt. 15.

## II.
## **BACKGROUND**

On December 30, 2024, Plaintiff commenced this action by filing a Complaint in Riverside County Superior Court.  Compl.  According to the Complaint, Defendants hired Plaintiff on or about February 3, 2016, to work as a quality control auditor.  Id. ¶ 19.  On June 2, 2021, Plaintiff suffered a disabling workplace injury that substantially limited her ability to work.  Id. ¶ 21.  While Plaintiff requested reasonable accommodations, Defendants "refused to engage in a good faith interactive process" and failed to accommodate her disability.  Id. ¶¶ 23, 27.  As a result, in or around December 2021, "Plaintiff's doctor placed her on medical leave."  Id. ¶ 24.

On March 20, 2023, Defendants terminated Plaintiff while she was still on medical leave.  Id. ¶ 25.  At the time of her termination, Plaintiff was 58 years old.  Id. ¶ 20.  Plaintiff alleges her termination "was motivated by her age, disability or perceived disability, medical condition or perceived medical condition" and her exercise of protected rights, including requests for accommodation and leave.  Id. ¶ 29.  Plaintiff seeks compensatory damages for past and future lost wages and benefits, emotional distress damages, and punitive damages.  Id. at 20-21.  Additionally, Plaintiff seeks attorneys' fees and costs pursuant to California Government Code Section 12965(c)(6).[2]  Compl. ¶¶ 46, 58, 64, 75, 83, 91, 100.

On March 13, 2025, Defendants filed a Notice of Removal, asserting diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.  Dkt. 1.  With respect to diversity of citizenship, Defendants assert complete diversity exists because Plaintiff is domiciled in California and Defendants are entities organized under the laws of Delaware with citizenship in Colorado, Florida, New Jersey, Pennsylvania, and Texas.  Id. ¶¶ 6-22, see also dkt. 1-4, Declaration of Sarah E. Pontoski ("Pontoski Decl."), ¶¶ 4-5.  With respect to the amount in controversy requirement, Defendants assert Plaintiff is seeking at least $354,430.80 in damages.  Id. ¶ 46.  Specifically, Defendants claim Plaintiff is, at minimum, seeking $80,010.40 in past lost wages ($121.180.80 inclusive of future lost wages), $750 in civil penalties, $75,000 in non-economic/emotional distress damages, $157,500 in attorneys' fees, plus putative damages in an unquantified amount.  Id. ¶¶ 28-29, 46-49.

On April 1, 2025, Plaintiff filed the Motion.  Mot.  On April 24, 2025, Defendants filed an Opposition to the Motion.  Dkt. 23.  On May 8, 2025, Plaintiff filed a Reply.  Dkt. 25.

This matter, thus, stands submitted.

## III.
## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal

---

[2] Plaintiff's references in the Complaint to Section 12965(b) of the California Government Code, the former provision authorizing an award of attorneys' fees under the Fair Employment and Housing Act, appear to be in error.

court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

## IV.
## THE COURT HAS DIVERSITY JURISDICTION OVER THE INSTANT ACTION

As discussed below, the Court finds Defendants have established this Court has diversity jurisdiction over the instant action.

As an initial matter, neither party disputes complete diversity of citizenship exists between Plaintiff, a citizen of the state of California, and Defendants, entities organized under the laws of the state of Delaware with citizenship in the states of Colorado, Florida, New Jersey, Pennsylvania, and Texas. Dkt. 1 ¶¶ 6-22; Mot. at 1 n.1. Rather, the disputed issue is whether the amount in controversy exceeds $75,000.

### 1. Applicable law

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 992. Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotations and citation omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). However, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

### 2. Analysis

Here, Plaintiff seeks (1)"lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotion distress and loss

of earning capacity"; (2) statutory penalties; (3) prejudgment interest; and (4) costs and attorneys' fees.  Compl. at 20-21.

Assessing past lost wages alone, the Court finds this amount exceeds the $75,000 threshold required for diversity jurisdiction.  Plaintiff was a full-time employee in a position typically scheduled for 40 hours of work per week, and her regular pay rate was $19.42 per hour.  Pontoski Decl., ¶ 13.  Plaintiff's projected lost wages between her termination date of March 20, 2023, and Defendants' Notice of Removal date of March 13, 2025, equal a sum of $80,010.4 ($19.42 per hour times 40 hours per week = $776.8 times 103 weeks).  Therefore, the Court finds Defendants' estimate of lost wages of $80,010.40, dkt. 1 ¶ 28, is a reasonable assumption.  Moreover, because this amount exceeds the $75,000 threshold required for diversity jurisdiction, the Court need not assess the other economic relief Plaintiff seeks.[3]

Plaintiff argues Defendants have not provided sufficient evidence to support Plaintiff's hourly wages and work hours.  Mot. at 9-10.  However, in support of their claim, Defendants present the declaration by Sarah E. Pontoski, Vice President and Associate General Counsel of defendant NFI Management Services, LLC, who attests to Plaintiff's hourly wages and work hours "[b]ased on [her] review of Plaintiff's personnel and payroll records."  Pontoski Decl., ¶ 13.  Plaintiff fails to cite any precedent to support her argument the declaration is insufficient as evidence of Plaintiff's hourly wages.  Further, courts in this district routinely rely on similar declarations when estimating lost wages.  See e.g., Munoz v. Nippon Express U.S.A., Inc., No. 2:24-CV-11033-FLA-AGRx, 2025 WL 947898, at *2 (C.D. Cal. Mar. 28, 2025) (calculating the lost wages based on the declaration of the Senior Manager of the defendant's human resources department attesting to the plaintiff's pay rate and work hours); Angello v. Target Corp., No. 5:23-CV-01097-FLA-DTBx, 2024 WL 3821493, at *2 (C.D. Cal. Aug. 12, 2024) (calculating lost wages based on a declaration attesting the plaintiff "was a full-time Team Member who . . . worked 36 hours per week, and earned $28.67 per hour") (cleaned up).

Plaintiff also argues Defendants' calculation is speculative as it fails to take into consideration "any mitigation of Plaintiff's losses by subsequent employment or other income in the time since her termination[.]"  Mot. at 4-5.  However, "mitigation of damages is an affirmative defense, and a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.'"  Jackson v. Compass Grp. USA, Inc., No. CV-19-4678-PSG-GJSx, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (citing Perez v. Alta-Dena Certified Dairy, LLC, 647 F. App'x 682, 684 (9th Cir. 2016)).  Further, Plaintiff fails to offer any evidence in support of her purported mitigation of damages.  Therefore, "there is no amount to subtract from Plaintiff's potential lost wages."  Favela v. Lowe's Home Centers, Inc., No. 2:25-CV-00128-MAA, 2025 WL 879913, at *2 (C.D. Cal. Mar. 21, 2025).

---

[3] For example, Plaintiff also seeks "future lost wages and benefits[.]"  Compl ¶ 32.  The Court may "include lost wages up until the date of trial" in the amount in controversy if a plaintiff claims future wages are in controversy.  See Reyes v. Staples Off. Superstore, LLC, No. CV 19-07086-CJC-SKx, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019).  However, because the Court finds the reasonable assumption for Plaintiff's lost wages exceed $75,000, the Court need not project Plaintiff's future lost wages here.

Accordingly, based upon a conservative estimate of lost wages in the amount of $80,010.40 and civil penalties in the amount of $750,[4] the Court finds Defendants have met their burden of establishing the amount in controversy.

Thus, the Court has diversity jurisdiction over the instant action. Accordingly, Plaintiff's Motion is **DENIED**.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

---

[4] Neither party disputes the amount of civil penalties as alleged in the Complaint. See Compl. ¶¶ 111-15.